Date signed May 15, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-20537PM |
|---|---|
| | Chapter 13 |
| Tola O. Shonekan, | |
| Debtor. | |

## MEMORANDUM OF DECISION

This matter came before the court on the Application of the Law Office of Frank Morris, II for Payment of Administrative Expenses and the Chapter 13 Trustee's Opposition thereto. The court previously issued a Memorandum advising that a ruling would be made on the papers and that no hearing would be necessary. Counsel was given the opportunity to supplement the record. No supplement has been filed.

By his Application, Frank Morris, II ("Counsel") seeks allowance of compensation in the sum of $6,000.00 for 23.8 hours of services rendered from July 2, 2008, through April 10, 2008. This Chapter 13 case was filed on August 18, 2008. Counsel's Statement Pursuant to Rule 2016(b) filed with the petition disclosed the $6,000.00 contemplated fee. $1,626.00 was received pre-petition by Counsel leaving a balance due of $4,374.00. The Statement additionally disclosed the following:

> 2. d) The above initial retainer shall be billed at $385 per hour for attorney time and $150 per hour for non-attorney/paralegal/support staff time. Adversary and contested matters shall also be billed at the above rate until the initial retainer is exhausted at which time an additional retainer may be required as authorized by counsel fee application and court order.

Paragraph 5 of the Statement set forth the services rendered or to be rendered by Counsel. The $6,000.00 fee did not include representation in contested matters or adversary proceedings.

      Counsel's Statement and Application drew the attention of the Chapter 13 Trustee, who asserted in her Objection that the fee sought is excessive compared to the presumptively reasonable flat fee of $4,500.00 provided for in Appendix F to this court's Local Bankruptcy Rules. The court agrees with the Chapter 13 Trustee, finding that this case indeed represents the "garden variety" Chapter 13 case. There is nothing exceptional herein. Inasmuch as that at about the time of the confirmation hearing the Debtor appeared to have been approximately $11,000.00 in arrears on the debt secured by her residence. The prospects for a successful consummation of this case appeared dim. This seems reinforced by the fact that the deficiency occurred during the time that the Chapter 13 plan payments were at the lower level. If this case fails, the primary beneficiary of this Chapter 13 filing will be Counsel.

      An appropriate order will be entered.


cc:    Debtor
        Debtor's Counsel
        Chapter 13 Trustee

**End of Memorandum**